**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARILYN WILLIAMS-GOODE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:24-cv-00547-AGF |
| ) | |
| BARNES JEWISH HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Barnes-Jewish Hospital's Motion to Remand. (ECF No. 10). Plaintiffs Marilyn Williams-Goode and Terrance Cross, proceeding pro se, originally filed this action in state court but later filed a notice of removal transferring the matter to this Court. (ECF Nos. 1, 3). Because plaintiffs' removal is procedurally improper and this Court lacks subject-matter jurisdiction, the Motion will be granted.

### **Background**

Plaintiffs filed their original petition in the Circuit Court of the City of St. Louis, Missouri, on April 9, 2024. (ECF No. 3). The petition references both federal and Missouri law but contains no specific factual allegations supporting federal jurisdiction. *Id*. On April 15, 2024, plaintiffs filed a notice of removal in this Court, followed by an amended complaint nine days later. (ECF Nos. 1, 4).

**Discussion**

The Hospital moves for remand on two independent grounds: (1) plaintiffs' attempt to remove their own case is procedurally improper, and (2) this Court lacks subject-matter jurisdiction. (ECF No. 10). The Court agrees with both arguments.

### I. Procedural Impropriety of Plaintiffs' Removal

Only defendants may remove a case to federal court. 28 U.S.C. §§ 1441(a), 1446(a). A plaintiff who has chosen a state court forum cannot later remove the same case to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–106 (1941) (analyzing history of removal statutes; determining that state court plaintiff could not remove case despite being named as defendant in counterclaim). Thus, plaintiffs' attempt to remove their own case is procedurally improper. This procedural defect alone requires remand.

### II. Lack of Subject-Matter Jurisdiction

Even if plaintiffs could properly remove their own case, this Court lacks jurisdiction to hear it. Subject-matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). Subject-matter jurisdiction is an essential prerequisite for every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and

we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). The question of subject-matter jurisdiction may be raised at any time, by any party, or by the Court itself. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). Neither federal question nor diversity jurisdiction exists here.

### A. Federal question jurisdiction

Federal question jurisdiction exists when a case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A federal question must be apparent on the face of the plaintiff's well-pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction."). Federal question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (citation and quotation marks omitted).

Here, the petition and amended complaint make only vague references to federal statutes and do not articulate a specific federal claim or any actionable allegations tied to federal law. Neither pleading identifies a federal cause of action, nor do they establish that plaintiffs' right to relief hinges on the resolution of a substantial question of federal law. Notably, under the section labeled "Basis for Jurisdiction" in the amended complaint, plaintiffs assert merely "personal injury" and "medical malpractice," both of which are quintessentially state law claims. Accordingly, the Court concludes that it lacks federal question jurisdiction over this matter.

3

### B. Diversity jurisdiction

Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Plaintiffs fail to allege citizenship but acknowledge that both they and the Hospital are located in Missouri. Further, the petition explicitly limits the amount in controversy to $50,000, well below the statutory threshold. Accordingly, the Court concludes that it lacks diversity jurisdiction over this matter.

### Conclusion

For the foregoing reasons, the Court will grant the Hospital's Motion to Remand. The Court, having determined that it lacks subject-matter jurisdiction, will not address the other pending motions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Barnes-Jewish Hospital's Motion to Remand (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.

Dated this 2nd day of December, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE